## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2018, 7:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Joshua Bergen,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

November 20, 2018

Court of Appeals Case No.
18A-CR-522

Appeal from the Decatur Superior Court

The Honorable Matthew D. Bailey, Judge

Trial Court Cause No.
16D01-1606-F3-449

**Brown, Judge.**

[1] Joshua Bergen appeals his sentence for promotion of human trafficking of a minor as a level 3 felony. He raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2] During the weekend of Memorial Day 2016, eleven-year-old M.H. was on her Instagram account where she was followed by "KILLERCLOUD92," who was Bergen. Appellant's Appendix Volume II at 13. Bergen asked her if she wanted to be in a contest where she could win $500. M.H. agreed when Bergen asked her for a photo of herself. The conversation continued, and Bergen told her that she was losing the contest and he wanted her to send more photos. Bergen sent photos of other females including a photo of a female M.H. believed was younger than her showing her belly area as examples and said they were also in the contest. M.H. sent Bergen additional photos of herself in swimwear. Bergen asked for nude photos, and M.H. sent him a nude photo. Bergen told M.H. that she had won some money in the contest and he wanted to know how to deliver it. M.H. did not want to tell Bergen where she lived and told him she lived near Circle K. Bergen told her that he could leave the money in an abandoned house he knew to be near the area. M.H. then told him where she lived. Bergen told M.H. that he wanted to meet with her and that, if she did not meet him, he would share the nude photos of her on Instagram. Bergen later told her that he wanted to meet with her to "hook up" and that, if she did not, he would share the nude photos of her on Instagram.

*Id.* at 14.  M.H. knew that Bergen was referring to having sex as "hooking up."
*Id.*  A part of the conversation follows:

> [Bergen:]  I'll make a deal.  500 for the full nude or $1000 to hook up for awhile
>
> [M.H.:]  I am 13 turning 14 that's illegal and gross
>
> [Bergen:]  It's only illegal if you get caught

State's Exhibit 1.[1]  Bergen also threatened to share the nude photos of her unless she deleted the Instagram conversation from her account.  M.H. then notified her mother who sent a message to Bergen using M.H.'s account stating that she was going to call the police.  Bergen responded by stating that M.H. would be in more trouble than him if police were contacted.

[3]  On June 1, 2016, the police executed a search warrant for the examination of Bergen's cell phone and other devices.  Bergen spoke to police and indicated that he had attempted to obtain pictures of other girls but this was the first time he had actually received a nude photo.  When asked how many times he attempted "to con somebody into nude photographs of somebody [he] thought was under the age of eighteen," Bergen answered: "It's been off and on over the years . . . ."  Transcript Volume II at 19.

---

[1] M.H. testified that she was eleven and not thirteen at that time.

[4] On June 3, 2016, the State charged Bergen under cause number 16D01-1606-F3-449 ("Cause No. 449") with: Count I, human trafficking of a minor as a level 3 felony; Count II, child solicitation as a level 5 felony; Count III, obstruction of justice as a level 6 felony; Count IV, obstruction of justice as a level 6 felony; and Count V, intimidation as a class A misdemeanor. On December 22, 2016, the State filed a second amended information charging Bergen with: Count I, attempted child molesting as a level 1 felony; Count II, promotion of human trafficking of a minor as a level 3 felony; Count III, promotion of human trafficking of a minor as a level 3 felony; Count IV, child solicitation as a level 5 felony; Count V, possession of child pornography as a level 5 felony; Count VI, obstruction of justice as a level 6 felony; Count VII, obstruction of justice as a level 6 felony; and Count VIII, intimidation as a class A misdemeanor.

[5] On January 16, 2018, the parties filed a plea agreement in which Bergen agreed to plead guilty in Cause No. 449 to Count III, promotion of human trafficking of a minor as a level 3 felony, and the State agreed to dismiss the remaining charges. The plea agreement provided that Bergen would be sentenced in Cause No. 449 at the discretion of the court subject to a cap of twelve years on any executed sentence. In the agreement, Bergen also agreed to plead guilty in cause number 16D01-1708-F5-811 ("Cause No. 811") to a lesser included charge of battery as a level 6 felony, and the agreement provided that he would be sentenced in Cause No. 811 to two years suspended to probation consecutive to the sentence in Cause No. 449.

[6]     On February 23, 2018, the court held a sentencing hearing.[2] Greensburg City Police Detective Stephen Barnes testified that Bergen mentioned a second person he attempted to contact after this incident, that she stated her age in an interview which he recalled to be fifteen years, and that she recognized the idea of a contest as a "ruse to get her to take nude photos . . . ." *Id.* at 33. M.H. testified that she was thirteen years old and that she was eleven when Bergen first messaged her on Instagram. She testified that she had to go to counseling for almost a year, felt that she could not trust anyone, "lost a lot" of her confidence, "missed a lot of school," and had "been less active in social there." *Id.* at 51. M.H.'s mother testified and, when asked to describe the changes in M.H.'s behavior since the events took place, she answered that M.H. had lost a lot of confidence, was not as social as she used to be, did not hang out with her friends as much, was "not interested in a whole lot anymore," and was "a lot more uncomfortable in her skin." *Id.* at 68.

[7]     Bergen stated that what he did was wrong, there was no excuse for it, he was sorry, and he was a good person who made a bad choice. The court admitted letters from Bergen's friends and family. Bergen's counsel recommended the advisory sentence of nine years with three years served in incarceration, three years on home detention, and three years of probation. The prosecutor recommended the maximum sentence under the plea agreement.

---

[2] The record indicates that a guilty plea hearing was held but it does not include a transcript of the hearing.

[8] The court entered judgment of conviction on Count III, promotion of human trafficking of a minor as a level 3 felony. The court discussed Bergen's lack of criminal history and stated: "Mr. Bergen's own words that he had been doing this off and on through the years I think take the significance away from that mitigating circumstance and make it to be one considered of more low weight than ordinarily would be given." *Id.* at 124. The court observed that Bergen's plea was entered after a significant amount of time had passed since the charges were filed and that he received a significant benefit. The court gave Bergen's cooperation with the police low weight because he was detained at that point. The court observed that Bergen had a difficult childhood and terrible circumstances with his mother but it did not see any connection "whatsoever to that and the actions that result in him being here today" and did not consider his childhood to be a mitigating circumstance. *Id.* at 125. The court stated that it would give Bergen "the benefit of the doubt on [his remorse] and consider him to be remorseful." *Id.* The court found the following aggravators: the fact that the victim was less than twelve years of age, the harm suffered by M.H., and uncharged misconduct. The court found that the aggravating circumstances significantly outweighed the mitigating circumstances.

[9] The court sentenced Bergen to twelve years executed in the Department of Correction and ordered the sentence to be served consecutive to the sentence in Cause No. 811. The court dismissed the remaining counts.

## *Discussion*

[10] The issue is whether Bergen's sentence is inappropriate in light of the nature of the offense and his character. Bergen argues that his "conduct, while admittedly reprehensible, met the level of conduct proscribed by the legislature, but no more." Appellant's Brief at 13. He asserts that there was no evidence that the impact to M.H. was extraordinary or beyond that anticipated by the legislature. He also points to the fact he is a high school graduate, his work history, the death of his mother and aunt, and his lack of criminal history and drug use. The State argues that the sentence is not inappropriate and asserts that Bergen's course of conduct proves he is not an upstanding citizen who made a poor decision, that he preyed on M.H.'s naiveté and threatened her, and that the effects on M.H. may never go away.

[11] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12] Ind. Code § 35-50-2-5 provides in part that a person who commits a level 3 felony shall be imprisoned for a fixed term of between three and sixteen years, with the advisory sentence being nine years.

[13]   Our review of the nature of the offense reveals that Bergen told M.H. about a contest in which she could win $500, told her she was losing the contest after she sent a photo of herself, sent photos of other females to M.H., and asked her for nude photos. M.H. sent Bergen a nude photo. Bergen admits on appeal to threatening to publish the photos if M.H. did not engage in sex with him but asserts that he only intended the threat as a joke. He also concedes that he deleted his Instagram account to try to hide his communication with M.H. and that M.H. reported that he threatened to publish the photos on Instagram if she did not delete the conversation history from her Instagram.

[14]   Our review of the character of the offender reveals that Bergen pled guilty to promotion of human trafficking of a minor as a level 3 felony in exchange for the dismissal of Count I, attempted child molesting as a level 1 felony, Count II, promotion of human trafficking of a minor as a level 3 felony, Count IV, child solicitation as a level 5 felony, Count V, possession of child pornography as a level 5 felony, Count VI, obstruction of justice as a level 6 felony, Count VII, obstruction of justice as a level 6 felony, and Count VIII, intimidation as a class A misdemeanor. Although Bergen was initially charged on June 3, 2016, he did not plead guilty until over one year and seven months later on January 16, 2018. The presentence investigation report ("PSI") indicates that Bergen has no criminal history. We observe that the trial court pointed to "Bergen's own words that he had been doing this off and on through the years." Transcript Volume II at 124. Detective Barnes testified that Bergen mentioned a second person he attempted to contact after this incident, that she stated her age in an

interview which he recalled to be fifteen years, and that she recognized the idea of a contest as a "ruse to get her to take nude photos . . . ." *Id.* at 33. Bergen also pled guilty to "the lesser included charge of Battery, a Level 6 felony" in Cause No. 811. Appellant's Appendix Volume II at 66. The PSI indicates that Bergen graduated from high school in 2012 and reported working fifty to sixty hours per week at his most recent employer from 2015 until his arrest in 2016.

[15] After due consideration, we conclude that Bergen has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

[16] For the foregoing reasons, we affirm Bergen's sentence.

[17] Affirmed.

Altice, J., and Tavitas, J., concur.